ALL BORO METAL PRODUCTS CO., INC., Respondent, v. ANTHONY B. CATALDO, Appellant.—

Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

MEL ALPERT, Respondent, v. JOSEPH H. GORDON et al., Defendants, and JEROME SIMSON et al., Appellants.—

Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

AMERICAN HOME CONSTRUCTION CO., INC., Appellant, v. ABRAHAM SAIFER et al., Respondents.—

Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

(A) JACK BRAUNSTEIN et al., Appellants, v. INSURANCE COMPANY OF NORTH AMERICA, Respondent. (B) ROLANDE HAWKEN, Respondent, v. REGO CRESCENT CORPORATION, Appellant. (C) RITA HOHENBERG et al., Appellants, v. RODOR REALTY CORP., Respondent. (D) EVA M. WILLIAMS et al., Appellants, v. ELNORA COLEMAN, Respondent.—

Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

THEODORE BROOKS, Respondent, v. MARY DELUKEY et al., Appellants.—

Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

WILLIAM G. BUSHELL, as Trustee in Bankruptcy of Babylon Country Club, Inc., Appellant, v. SIRLIN PLUMBING CO. et al., Respondents.—

The following question is certified. Was the order of this court dated July 24, 1961, properly made? Nolan, P. J., Ughetta, Christ, Pette, and Brennan, JJ., concur.

CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Appellants, v. V. J. COSTANZI, INC., Respondent.—

On the court's own motion, the decision of this court (ante, p. 567), rendered July 11, 1961, is amended by changing its second paragraph to read as follows: One Joseph T. Zuppa, now deceased, had been employed by the defendant, the Costanzi corporation, as the operator of its tractor-trailer to transport a crane thereon to the premises of the plaintiff, the Central corporation. In a prior action by Zuppa's administratrix against the Central corporation to recover damages for Zuppa's wrongful death, judgment was rendered against Central corporation (*Zuppa* v. *Central Hudson Gas & Elec. Corp.*, 277 App. Div. 1044, affd. 302 N. Y. 827). Central and its insurance carrier, Indemnity Insurance Company of North America, both contributed to the payment of $31,711.97 in satisfaction of the judgment, and they have now brought these two actions against the decedent's employer, the Costanzi corporation, for indemnity. The decedent, who had assisted in the unloading of the crane, met his death when the crane operator, one Pennes, in the course of attempting to shift the position of the boom of the crane preparatory to the unloading of the crane, caused the boom to come into contact with an uninsulated high tension electric wire maintained by the Central corporation upon its premises. The crane had been brought to Central's premises in connection with the Costanzi corporation's performance of certain work thereon pursuant to a written contract between them. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.